Filed 9/21/21  P. v. Pettress CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E077007 |
| v. | (Super.Ct.No. FBA1100128) |
| DUREE GRAVES PETTRESS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Camber, Judge.  Affirmed.

Duree Graves Pettress, in pro. per.; and Jennifer A. Gambale, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant and appellant Duree Graves Pettress appeals the San Bernardino County Superior Court's denial of her petition for resentencing made pursuant to section 1170.95 of the Penal Code.[1]  We affirm.

**BACKGROUND**

The events leading up to defendant's petition for resentencing are taken from our opinion issued in her appeal from the judgment.  (*People v. Pettress* (July 21, 2014, E056585 [nonpub. opn.].)  A copy of the opinion is included in the record on appeal.

In March 1995, three-year-old T. and his four siblings were removed from their parents' custody.  They were placed in the home of defendant and her husband, Lafayette, with oversight by Child Protective Services.  Defendant is the children's paternal aunt.

One evening nine months later, defendant and Lafayette ordered pizza but forbade T. and his older brother from having any because they had gotten into trouble.  The next morning, T. ate a piece of pizza.  In response, defendant dragged him into the bathroom and told him to spit up the pizza.  When he failed to do so, defendant stomped on his stomach, then put him over the toilet and told him again to spit up the pizza.  Defendant repeated that process twice more until T. went limp.  Lafayette had a clear view of what was happening, but did not intervene.  Two of T.'s sisters, nine-year-old Evelyn and six-year-old J. also saw what defendant did to T.  After inflicting T.'s injuries, defendant told Lafayette to take the children to school.  After they left,  defendant called 911 and T.,

_____

[1] All further statutory references are to the Penal Code.

2

who appeared lifeless when emergency personnel responded to the call, was declared dead after he arrived at the hospital.

While taking the children to school, Lafayette told them he and defendant would kill them all if anyone said what he and defendant had done. He told Evelyn not to blame defendant and, if anyone asked, Evelyn was to say that she had done it. When questioned by authorities, Evelyn took the blame. The children were removed from defendant's home and put in separate foster placements. Months later Evelyn told her foster parent she did not hurt T. and related what had happened. J. told a therapist what she had seen.

In 2012, an amended information was filed charging defendant and Lafayette with one count each of murder. (§ 187, subd. (a).) A jury found defendant guilty of second degree murder (§ 187, subd. (a)) and found Lafayette guilty of involuntary manslaughter (§192, subd. (b)). The trial court sentenced defendant to a prison term of 25 years to life. Defendant and Lafayette appealed their convictions to this court and we affirmed. (*People v. Pettress*, *supra*, E056585.)

### DEFENDANT'S PETITION FOR RESENTENCING

In 2018, the Legislature enacted section 1170.95 (Stats. 2018, ch. 1015, § 4, eff. Jan. 1, 2019), a provision that authorizes a person convicted of felony murder or murder under a natural and probable consequences theory to file with the sentencing court a petition to vacate the conviction and be resentenced.

Defendant filed a petition for resentencing on March 27, 2019. The People opposed the petition and defendant filed a response to the opposition. Defendant did not

appear but was represented by counsel on April 16, 2021, when the trial court found defendant failed to establish a prima facie case for relief and denied her petition. The finding was based upon the court's review of the petition, the briefs, and the record of conviction. Defendant appealed, and we appointed counsel to represent her.

## DISCUSSION

Defendant's counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S 738, which sets forth statements of the case and facts, and requests this court to independently review the entire record on appeal. Counsel also suggests one potential arguable issue: whether the trial court erred when it dismissed defendant's section 1170.95 petition for resentencing.

We offered defendant an opportunity to file a personal supplemental brief, which she has done. In her handwritten letter submitted in response to our invitation, defendant does not raise any issues relating to her section 1170.95 petition. Instead, she poses 10 questions she believes need to be addressed and which she claims support the conclusion she "deserve(s) another trial." The questions relate to the timing of her arrest and factual matters she contends should have been raised during her trial. The time for seeking review of those issues has long since passed. (Cal. Rules of Court, rule 8.308(a) [an appeal must be brought within 60 days after rendition of the judgment].)

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

4

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

MILLER
J.

SLOUGH
J.

5